

FILED

SEP 2 7 2004

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

IN RE:     **HOFFINGER INDUSTRIES, INC.,**          **CASE NO. 2:01-bk-20514M**
                                                                    **CHAPTER 11**
          **DEBTOR**

04-205-C

## OBJECTION, MOTION TO QUASH SUBPOENA DUCES TECUM
## AND MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT

Hoffinger Industries, Inc. and Moore Stephens Wurth Frazer and Torbet, LLP (Moore Stephens) through the undersigned counsel for their objection and motion to Quash the subpoena duces tecum directed to Moore Stephens and for their motion for a protective order state:

1.     Hoffinger Industries, Inc. is a debtor in possession in a Chapter 11 proceeding pending in the United States Bankruptcy Court for the Eastern District of Arkansas, Case No. 2:01-bk-20514. The Chapter 11 proceeding of Hoffinger Industries was filed on September 13, 2001. Hoffinger Industries has filed a Chapter 11 plan of reorganization and disclosure statement and the Chapter 11 plan of reorganization is scheduled for a confirmation hearing beginning on November 22, 2004.

2.     Moore Stephens is an accounting firm located in Orange County, California, which has been properly retained by Hoffinger Industries as its accountants and expert witness pursuant to 11 U.S.C. § 327.

3.     On Tuesday, September 21, 2004 the subpoena duces tecum attached to this objection as Exhibit 1 was delivered to Moore Stephens commanding the "person most knowledgeable" to appear at its office in Orange, California and give deposition testimony on Tuesday, September 28, 2004 at 10:30 a.m. In addition, Moore Stephens was commanded to

produce accounting working papers compiled over an 11-year period relating to the corporate tax returns of Hoffinger Industries and other documentary materials. This subpoena duces tecum was faxed to the undersigned attorneys late in the afternoon on September 21, 2004. Moore Stephens and the undersigned counsel had no prior knowledge of a partiy's desire to depose Moore Stephens prior to the receipt of the subpoena duces tecum.

4.    The subpoena duces tecum was issued by Whitney A. Davis, 1515 K Street, Suite 500, Sacramento, California 95814, who is known to be one of the attorneys for Leesa Bunch and McMasker Enterprises, Inc., creditors in the bankruptcy proceeding of Hoffinger Industries. The subpoena duces tecum is not in proper form and should be quashed.

5.    Pursuant to Bankruptcy Rule 9014, unless the court order otherwise, Bankruptcy Rules 7026, and 7028 through 7037 apply to this contested matter. Bankruptcy Rule 9016, which incorporates Rule 45 F.R. Civ. P., also applies in cases under the Code.

6.    Rule 45(a)(2) F.R. Civ. P. provides that a subpoena for attendance at a deposition shall issue from the court for the district designated by the notice of deposition as the district in which the deposition is to be taken. The subpoena states that the deposition is to be taken in Orange, California. Orange, California is located in the Central District of California. The subpoena delivered to Moore Stephens has been issued by the United States Bankruptcy Court for the Eastern District of California. The deposition noticed in the subpoena duces tecum is to be taken in the Central District of California. The deposition subpoena has therefore not been properly issued and should therefore be quashed.

7.    The subpoena duces tecum purports to be a subpoena for a deposition pursuant to Rule 30(b)(6) F. R. Civ. P., which provides as follows:

> "(6) a party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or a governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth for each person designated, the matters on which the person will testify."

The subpoena duces tecum does not comply with Rule 30(b)(6) in that it fails to describe with reasonable particularity the matters on which examination is requested as required by the rules. The subpoena duces tecum should therefore be quashed.

8.     Bankruptcy Rule 7030(a)(1) provides that a party may take the deposition of any person, by deposition upon oral examination without leave of court except as provided in paragraph (2) . . . Bankruptcy Rule 7030(a)(2)(B) provides in part as follows:

> "a party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if . . . without the written stipulation of the parties, (B) the person to be examined already has been deposed in the case;"

Michael French, a partner in the firm of Moore Stephens was deposed at the request of Whitney A. Davis and James E. Smith, co-counsel for Leesa Bunch and McMasker Enterprises, Inc. on April 5, 2004 in Orange, California. James E. Smith traveled from Little Rock, Arkansas to Orange, California for the deposition, but Whitney A. Davis did not appear at the deposition. In addition to deposing Michael French of Moore Stephens on April 5, 2004 in Orange, California, Whitney Davis and/or James E. Smith have examined Mr. French under oath during various bankruptcy hearings on not less than three occasions. Because the person to be examined has already been deposed in the case, Whitney A. Davis may not take the

deposition of Moore Stephens without leave of court. The subpoena duces tecum should therefore be quashed.

9.     The subpoena duces tecum is not in proper form in that Whitney A. Davis fails to state the party who is requesting the issuance of the subpoena. Whitney A. Davis represents more than one party in the bankruptcy proceeding of Hoffinger Industries, Inc. and he should be required to state the party requesting the issuance of the subpoena duces tecum. The subpoena is not in proper form and should be quashed.

10.    Bankruptcy Rule 7030(b)(1) which incorporates Rule 30(b)(1) F.R. Civ. P. provides in part as follows: " a party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action." The bankruptcy proceeding of Hoffinger Industries is pending in the Eastern District of Arkansas and most of the attorneys representing parties in the case are located in the State of Arkansas, except for Whitney A. Davis. The undersigned counsel did not receive notice of the requested deposition until after 5:00 p.m. on Tuesday, September 21, 2004. Seven days notice is not sufficient notice when the deposition is to be taken over sixteen hundred miles from where the case is pending and most of the participants are located. Further, there is no evidence that other parties to proceeding have been provided with any notice of the requested deposition, including the Office of the United States Trustee, the Official Unsecured Creditor's Committee, CMA Corporation or JM Capital, all of whom have been actively involved in the bankruptcy proceeding. The subpoena duces tecum should therefore be quashed.

11.   F.R. Civ. P. Rule 45(c)(3)(A)(i) and (iiii), which is incorporated into the Bankruptcy Rules by Bankruptcy Rule 9016 provides in part as follows:

> on timely motion, the Court by which a subpoena was issued shall
> quash or modify the subpoena if it (i) fails to allow reasonable time for
> compliance; . . . or (iiii) subjects a person to undue burden."

The subpoena duces tecum, which was delivered to Moore Stephens on September 21 for a

deposition on September 28 and requests a production of eleven years of working papers,

along with other financial records of Hoffinger Industries does not allow a reasonable time for

compliance.    Further, in order for Moore Stephens and counsel to prepare for such a

deposition over a distance of sixteen hundred miles would subject all parties concerned to an

undue burden. The subpoena duces tecum should therefore be quashed.

      12.    Rule 26(b)(4) F.R. Civ. P. incorporated into the bankruptcy rules by Bankruptcy

Rule 9014 provides in part as follows:

> "(4) (A)  A party may depose any person who has been identified as an
> expert whose opinions may be presented at trial.  . . . (C) Unless
> manifest injustice would result, (i) the court shall require that the party
> seeking discovery pay the expert a reasonable fee for time spent in
> responding to discovery under this subdivision;"

Moore Stephens and its partner, Michael French have been identified as the accounting expert

for Hoffinger Industries since October 2001.  Whitney A. Davis has made no effort to offer or

arrange for the payment of a reasonable fee to Moore Stephens for its time spent in responding

to the subpoena duces tecum, including the requested production of 11 years worth of working

papers and other accounting documents relating to Hoffinger Industries.  The subpoena duces

tecum should, therefore, be quashed.

      13.    The undersigned counsel has attempted to confer in good faith with Whitney A.

Davis in order to arrange for a more convenient time for the deposition and a time which will

allow Moore Stephens and the undersigned counsel more time to gather and review the

documents requested and to prepare for the depositions. The undersigned counsel's efforts to confer in good faith are evidenced by the attached letter from Whitney A. Davis, which was faxed to the undersigned after 5:00 p.m. on September 23, 2004. As evidenced by Whitney A. Davis' September 23 letter, he has declined to reschedule the deposition.

For all of the foregoing reasons, Hoffinger Industries, Inc. and Moore Stephens Wurth Frazer, PLC object to the subpoena duces tecum, request that the subpoena be quashed and that the Court enter a protective order prohibiting Whitney A. Davis from issuing further subpoenas for the deposition of Moore Stephens without leave of Court or with the consent of the parties, and for all other proper relief.

<div style="margin-left:40%">

ATTORNEYS FOR HOFFINGER INDUSTRIES, INC.

Stan D. Smith
MITCHELL, WILLIAM, SELIG, GATES
 & WOODYARD, P.L.L.C
425 West Capitol, Suite 1800
Little Rock, AR 72201
(501) 688-8800
FAX:  (501) 688-8807

and

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442

By: _____
          Charles T. Coleman (80030)

</div>

## CERTIFICATE OF SERVICE

On the _24_ day of September, 2004, a copy of the foregoing was served upon the interested parties by placing a copy of same in the U.S. Mail with first class postage affixed thereon, addressed to:

> Jim Hollis
> United States Trustee
> 500 South Broadway, Suite 201
> Little Rock, AR 72201
>
> Ben F. Arnold
> Kemp, Duckett & Arnold
> 111 Center Street, Suite 1300
> Little Rock, AR 72201
>
> Whitney A. Davis
> Charter Miller Davis, LLP
> 1515 K Street, Suite 500
> Sacramento, CA 95814
>
> James F. Dowden
> James F. Dowden, P.A.
> 212 Center Street, 10th Floor
> Little Rock, AR 72201
>
> Stephen Gershner
> Davidson Law Firm, Ltd.
> 724 Garland Street
> Little Rock, AR 72203
>
> James E. Smith, Jr.
> Attorney at Law
> 400 West Capitol Avenue, Suite 1700
> Little Rock, Arkansas 72201

Charles T. Coleman (80030)

KB256 (11/91) Subpoena in a Case under the Bankruptcy Code

# United States Bankruptcy Court

## EASTERN DISTRICT OF CALIFORNIA

In re  HOFFINGER INDUSTRIES. INC.

Debtor

To: MOORE STEPHENS WURTH FRAZER
AND TORBET, LLP
Person Most Knowledgeable
171 South Anita Drive, Suite 100
Orange, CA 92868-3307

**SUBPOENA DUCES TECUM
IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No. Arkansas Bankruptcy
2;01-BK-20514

Chapter 11

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE | DATE AND TIME |
|---|---|
| 171 S. Anita Dr. Suite, 100, Orange California | Tuesday, September 28, 2004 at 10:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE EXHIBIT A ATTACHED

| PLACE | DATE AND TIME |
|---|---|
| 171 S. Anita Dr. Suite, 100, Orange California | Tuesday, September 28, 2004 at 10:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any subpoenaed organization not a party to this proceeding case shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed.R.Civ.P.30(b)(6) made applicable to this proceeding by Rule 7030. Fed.R.Bankr.P. See Rules 1018 and 9014, Fed.R. Bankr.P

| ISSUING OFFICER SIGNATURE AND TITLE | DATE 9/21/04 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Whitney B. Davis, 1515 K Street, Suite 500, Sacramento, CA 95814 (916) 448-9000

**EXHIBIT**

1

# EXHIBIT A

1.  All documents (including without limitation, letters, memorandu, e-mails, notes, correspondence, and all other materials referred to in Fed. R. Civ. P. 34) relating to, referring to, or providing evidence of the 2003 and 2003 audited financial statements to Hoffinger, Industries, Inc.

2.  The working papers used to complete the audited 2003 financial statements to Hoffinger, Industries

3.  The working papers used to complete the corporate tax returns of Hoffinger Industries, Inc. from 1993 to 2003.

SEP-21-2004 TUE 02:37 PM CHARTER DAVIS, LLP       FAX NO. 916 448 9009       P. 05

# EXHIBIT A

1.  All documents (including without limitation, letters, memorandu, e-mails, notes, correspondence, and all other materials referred to in Fed. R. Civ. P. 34) relating to, referring to, or providing evidence of the 2002 and 2003 audited financial statements to Hoffinger, Industries, Inc.

2.  The working papers used to complete the 2002 and audited 2003 financial statements to Hoffinger, Industries

3.  The working papers used to complete the corporate tax returns of Hoffinger Industries, Inc. from 1993 to 2003.

B256 (11/91) Subpoena in a Case under the Bankruptcy Code

---

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

       DATE              SIGNATURE OF SERVER

_____

              ADDRESS OF SERVER

---

Rule 45, Fed.R. Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R. Bankr.P.

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time

for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to

Filed 09/27/04

Case 04-00205

Doc 1

SEP-21-2004 TUE 02:37 PM CHARTER DAVIS, LLP

FAX NO. 916 448 9009

P. 04

travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

WAW-271.CS
6/21/96

# CHARTER DAVIS, LLP
1515 K Street, Suite 500
Sacramento, CA 95814
(916) 448-9000
(916) 448-9009 (fax)

## FACSIMILE COVER SHEET

**TO:**     Stan Smith                              **FACSIMILE** #: (501) 688-8807
             Charles Coleman                         (501) 376-9442
             Ben Arnold                                (501) 372-5553
             Jim Smith                                  (501) 537-5113

**FROM:**     Whitney A. Davis

**NAME OF MATTER:**    **Bunch v. Hasbro, et al.**

**DATE:**     September 23, 2004            **PAGES:**    (including this page)

IMPORTANT/CONFIDENTIAL: This message is intended only for the individual or entity to which it is addressed. This message contains information from Charter Davis, LLP which may be privileged, confidential and exempt from disclosure under law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, please be aware that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify

us immediately at our telephone number set forth above. We will be happy to arrange for the return of this message to us at no cost to you.

> If this copy is illegible or incomplete, please call (916) 448-9000

## SUPPLEMENTAL MESSAGE

# CHARTER ❖ DAVIS LLP
## TRIAL ATTORNEYS

1515 K Street
Suite 500
Sacramento
California 95814
Tel: (916) 448-9000
Fax: (916) 448-9009

September 23, 2004

*Via Facsimile*

Charles T. Coleman
Wright, Lindsey & Jennings, LLP
200 W. Capitol, Suite 2200
Little Rock, AR 72201-3699

Dear Mr. Coleman:

I spoke with you yesterday about the subpoena served on non-party witness Moore Stephens.

You noted your disagreement regarding the deposition as being: 1) the date was too soon and that your witness is unavailable; 2) that the request for documents covered so many years that you could not review the working papers for tax years 1993-2003 in time for the deposition; and 3) that we should have handled all this last April when Moore Stephens was deposed. I agreed to call you this morning to address the issues, but must do so by correspondence due to time constraints.

First, as set forth below, there exists an emergent need to depose Moore Stephens immediately.

Second, the discrepancies between the sworn monthly operating reports and the 2003 audited financials are so material and numerous that a review must be performed on the working papers.

Further, considering the representations made to this court over the past years regarding finances by the debtor, we find it difficult to believe that counsel has not engaged in a prior review of the working papers.

The papers could have been ordered from storage on Wednesday, received today, copied, and over-nighted to your offices by Friday morning.

Third, your contention that we should have asked for these documents in April is not well-taken. Please remember that the creditors' were not relieved of the exclusivity period at that time, we had yet to see the enormity of discrepancy between the monthly operating reports and the 2003

H:\fromm\CLIENT\6742\0002\MKC2031.WPD

SEP-23-2004 THU 03:28 PM CHARTER DAVIS, LLP          FAX NO. 916 448 9009          P. 03/03

Charles T. Coleman
September 23, 2004
Page 2

financials at that point, and the debtors' final plan/disclosure statement were not filed as of that point.

Lastly, the timing of this deposition, once again, is made urgent by debtor's prior non-disclosure. Telling the truth slowly is no substitute for timely examination and disclosure. Debtor represented to the court and the parties at the recent hearing in August that the Debtor's audited 2003 financials were not yet available. Those financials were released last week, and show an early July completion and/or transmittal date to the Debtor. Either someone has made a significant mistake, or the court and parties were sand-bagged by the Debtor at a hearing. I know that your information base is dependant on what management decides to tell you, and when, so I place no blame on you. As a result, please do not lay responsibility for the timing on any other shoulders than the Debtor's.

Further we also need an explanation under oath for the multitude of material discrepancies between the sworn monthly operating reports, and the Moore Stephens audited 2003 financials in advance of the hearing on the creditors' plan. The basis of the debtor's objections to the creditors' plan, in light of this most recent financial disclosure by debtor, are called seriously into question, as is the accuracy and basis of the debtor's plan and disclosure statement.

The deposition will take place. The copying service will be on site at the appointed time. I am not informed by Moore Stephens or their counsel that they will not comply, nor have I received an objection or motion for protective order from them. Since they issued the audited financials recently, the files should be close at hand. Since the CPA's agreement with the Debtor provides that the CPA's will retain the working papers, the papers should be on-site.

Since we are in the middle of a two-plan reorganization track, and since the diligence period has commenced, any attempts to delay the deposition by the Debtor should be seen as obstructive. The Debtor has failed to timely respond to the creditors' requests for documents for diligence purposes. No privacy objections exist.

I look forward to seeing you on Tuesday, and have no objection to your attendance by telephone.

Very truly yours,

CHARTER DAVIS, LLP

Whitley A. Davis

WAD:mkc

cc:     Stan Smith
        Jim Smith
        Ben Arnold

H:\Home\CLIENT\74200002\MKC2631.WPD